ANNE M. BEVINGTON (SBN 111320)
TINO X. DO (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
abevington@sjlawcorp.com
tdo@sjlawcorp.com

Attorneys for Plaintiffs, Automotive Industries
Pension Trust Fund et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, AUTOMOTIVE INDUSTRIES WELFARE TRUST FUND, JAMES H. BENO, Trustee, TOM DILLON, Trustee, STEPHEN J. MACK, Trustee, DON CROSATTO, Trustee, JOHN DI BERNARDO, Trustee, JAMES SCHWANTZ, Trustee, RYAN THIBODEAU, Trustee, and RICH MORALES, Trustee,<br><br>    Plaintiffs,<br><br>vs.<br><br>PLEASANTON AUTOMOTIVE COMPANY, a general partnership, dba PLEASANTON AUTO MALL and dba ACURA OF PLEASANTON; LOP AUTOMOTIVE COMPANY LIMITED PARTNERSHIP f/k/a LOP AUTOMOTIVE COMPANY LLC dba LEXUS OF PLEASANTON; ROSEWOOD III AUTOMOTIVE COMPANY, a general partnership, dba INFINITI OF PLEASANTON; HENDRICK AUTOMOTIVE GROUP, a North Carolina general partnership; HPG AUTO INVESTORS LIMITED PARTNERSHIP; HENDRICK MANAGEMENT COMPANY LIMITED PARTNERSHIP.<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT** |

# PARTIES

1. Plaintiffs Automotive Industries Pension Trust Fund ("Pension Fund") and Automotive Industries Welfare Trust Fund ("Welfare Fund") (collectively hereinafter "the Funds") are multiemployer joint labor-management welfare funds established pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c). Plaintiff Funds maintain their principal office and are administered in Dublin, California. The purpose of the Funds is to provide pension and welfare related benefits to the eligible employees of employers who contribute to the Funds pursuant to various collective bargaining agreements ("Bargaining Agreements") with local unions affiliated with the Automotive Industries Pension Plan and the Automotive Industries Health and Welfare Plan ("the Plans"). Plaintiffs James H. Beno, Tom Dillon, Stephen J. Mack, Don Crosatto, John DiBernardo, James Schwantz, Ryan Thibodeau and Rich Morales are Trustees of the Funds.

2. At all times relevant, Defendants Pleasanton Automotive Company, a general partnership, dba Pleasanton Auto Mall and dba Acura of Pleasanton, LOP Automotive Company Limited Partnership f/k/a/ LOP Automotive Company LLC, dba Lexus of Pleasanton, and Rosewood III Automotive Company, a general partnership, dba Infiniti of Pleasanton were business entities registered to do business in the State of California with their last known principal place of business in the city of Pleasanton, California (collectively "Pleasanton Auto Mall"). The general and/or managing partner of Pleasanton Automotive Company, LOP Automotive Company Limited Partnership, and Rosewood III Automotive Company is Hendrick Automotive Group, a North Carolina general partnership, whose general partners are HPG Auto Investors Limited Partnership and Hendrick Management Company Limited Partnership.

3. Pleasanton Auto Mall is principally engaged in the business of operating car dealerships in the automotive industry. To this end, Pleasanton Auto Mall employs machinists covered under the Bargaining Agreements and Trust Agreements by which it is bound, who provide support services to Pleasanton Auto Mall. The business of Pleasanton Auto Mall affects commerce within the meaning of Section 301 of the LMRA (29 U.S.C. § 185).

/ / /

**JURISDICTION**

4. Jurisdiction exists in this Court over the claims asserted by the Plaintiff Funds by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the Plaintiff Funds seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices that violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, in that the Plaintiff Funds seek to enforce the terms and conditions of the Bargaining Agreements between the employer and a labor organization.

**VENUE**

6. Venue exists in this Court with respect to the claims under ERISA § 502, 29 U.S.C. § 1132, because Plaintiff Funds are administered in this district, and the breaches under ERISA occurred in this district.

**APPLICABLE LAW**

7. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers who are obligated to make contributions to a multiemployer plan do so in accordance with the terms of the Bargaining Agreements.

8. ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of:

   (i)  interest on the unpaid contributions, or

   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted

under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

9. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a civil action by the Trustees as ERISA fiduciaries:

(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or

(B) to obtain other appropriate equitable relief

(i) to redress such violations, or

(ii) to enforce any provision of this title or the terms of the plan.

10. ERISA § 209 (29 U.S.C. § 1059), recordkeeping and reporting requirements, states in relevant part:

(a)(1) Except as provided by paragraph (2) every employer shall, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.

11. The Trustees have a right under ERISA to conduct an audit of a contributing employer's relevant books and records under the terms of the Trust Agreements. *Central States, Southeast and Southwest Areas Pension Fund v Central Transport, Inc.*, 472 US 559 (1985), *reh'g denied* 473 U.S. 926.

## FACTS

12. At all times relevant to this action, Pleasanton Auto Mall was a party to and bound by Bargaining Agreements covering its employees ("Bargaining Agreements").  The Bargaining

Agreements requires that Pleasanton Auto Mall contribute to the Funds at specified rates for each of its eligible employees covered under the Bargaining Agreements.

13. As an employer participating in the Funds, Pleasanton Auto Mall is bound by the Trust Agreements and establishing the Funds, the terms of the Funds' Plan Documents, and the rules, regulations and policies adopted by the Trustees under the authority of the Trust Agreements.

14. Pleasanton Auto Mall had both a contractual duty under the Bargaining Agreements and a statutory duty under ERISA § 515 (29 U.S.C. § 1145) to timely make payment in full of the required contributions due the Funds according to its terms or the terms of the Bargaining Agreement.

15. At all times relevant to this action, under the provisions of the Trust Agreements, the rules, regulations and policies adopted by the Trustees thereunder, and the Bargaining Agreements governing Pension, Welfare and Apprenticeship Training contributions due, Pleasanton Auto Mall was required to timely submit monthly remittance reports of all covered employees, along with contributions owed, to the Funds' principal place of business by the first day of each month following the month in which the covered work was performed.

16. At all times relevant to this action, under the Trust Agreements, the rules, regulations and policies adopted by the Trustees thereunder, and the Bargaining Agreements, Pension and Welfare contributions received by the Funds after the 20th day of the month following the month in which the covered work was performed are deemed delinquent.

17. At all times relevant to this action, in accordance with ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), the Pension and Welfare Agreements, and the rules, regulations and policies adopted by the Trustees thereunder, provided that delinquent contributions shall accrue interest at the rate of ten percent (10%) simple interest per annum from the first day of the month following the month in which the delinquent contributions were due through and including the date payment is made.

18. At all times relevant to this action, in accordance with ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), in accordance with the Pension and Welfare Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, the employer is obligated to pay

- 5 -
P:\CLIENTS\AUTCL\CASES\PLEASANTON AUTO MALL\Pleadings\Drafts\Complaint FNL 010721.doc
COMPLAINT

liquidated damages in the amount of five percent (5%) of the amount of delinquent contributions owed until the matter was referred to the Funds' counsel for collection, and twenty percent (20%) thereafter.

19. At all times relevant to this action in accordance with ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, provided that after the filing of a lawsuit, liquidated damages shall be increased to the greater of (a) the interest on the delinquent contributions, or (b) twenty percent (20%) of the delinquent contributions.

20. At all times relevant to this action, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E), the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder provided that in the event of a lawsuit, in addition to the contributions, interest and liquidated damages due to the Funds, the delinquent contributing employer shall pay to the Funds all reasonable attorneys' fees and costs incurred as a result of the litigation.

21. At all times relevant to this action, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E), the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, authorized the Funds to examine and copy such records of Pleasanton Auto Mall as may be necessary to determine whether Pleasanton Auto Mall has made full and prompt payment of all sums due to the Funds.

22. Pleasanton Auto Mall has failed to make payment in a timely manner and failed to make full payment of contributions due the Funds as found due by audit for the period March 1, 2013 through February 29, 2016, and for the months of November 2017, December 2017, March 2018 and April 2018, resulting in Pleasanton Auto Mall's owing delinquent contributions to the Funds, plus interest at 10% per annum on the late paid and unpaid contributions, and liquidated damages assessed at 20% of the unpaid contributions, or interest, whichever is greater.  Pleasanton Auto Mall is therefore in breach of the Bargaining Agreements between the Funds and Pleasanton Auto Mall in effect during the above period and thereby breached the terms of the Trust Agreement

to which Pleasanton Auto Mall is bound, and is therefore liable to the Funds for payment of delinquent contributions, liquidated damages, interest and reasonable attorney's fees and costs.

23. In addition, despite numerous demands, Pleasanton Auto Mall has failed and refused to comply with a further audit of its payroll records for the period March 1, 2016 through the present.

## FIRST CAUSE OF ACTION

### For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Pleasanton Auto Mall

24. Plaintiffs re-allege and incorporate by reference paragraphs 1 – 23 above as though fully set forth herein.

25. Pleasanton Auto Mall as a party to the Bargaining Agreements agreed to be bound by the terms thereof and by the Terms of the Trust Agreements, the rules, regulations and policies adopted by the Trustees thereunder, and Plan documents.

26. Pleasanton Auto Mall violated ERISA § 515 (29 U.S.C. § 1145), by failing to timely make payment of contributions and to make payment in full of contributions due to the Funds in accordance with its obligation to do so under the terms of the Bargaining Agreements entered into between the Funds and Pleasanton Auto Mall and the terms of the Trust Agreements.

27. Under ERISA § 502(g)(2)(A) through (E) (29 U.S.C. § 1132(g)(2) (A) through (E)), Pleasanton Auto Mall is liable for payment of delinquent unpaid contributions, as well as for interest, liquidated damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Injunctive Relief Under ERISA §s 502(a)(3) and 502(g)(2)(E)

28. Plaintiffs re-allege and incorporate by reference paragraphs 1 – 27 above as though fully set forth herein.

29. Pleasanton Auto Mall is also liable for payment of any additional delinquent contributions that may be revealed by audit or during discovery or investigation of this matter, and any additional contributions that may become delinquent prior to judgment, plus interest and liquidated damages on any such amounts.

30. Plaintiffs are without adequate remedy at law and the Funds will suffer continuing and irreparable injury, loss and damage unless Pleasanton Auto Mall is ordered specifically to perform all obligations required on Pleasanton Auto Mall's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the Bargaining Agreements, and the Trust Agreement, including but not limited to allowing the Trust's representative access to those business records of Pleasanton Auto Mall that the Funds' representative identifies as necessary to conduct an audit, and requiring Pleasanton Auto Mall to make timely monthly reports and payment to the Funds; is restrained from continuing to refuse to perform as required thereunder; and to pay all contributions, interest, liquidated damages, costs, attorneys' fees and accountants' fees determined to be due Plaintiff Funds.

31. This Court is authorized to issue injunctive relief under ERISA §s 502(a)(3) (29 U.S.C. § 1132(a)(3)) and 502(g)(2)(E) (29 U.S.C. § 1132(g)(2)(E)). As set forth above, Plaintiffs have a strong likelihood of success on the merits, there is the possibility that the Board of Trustees and the participants will suffer irreparable injuries, and the balance of hardships and advancement of public interest favor Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against Pleasanton Auto Mall, in favor of the Plaintiffs, in an amount equal to at least:

(a) Any unpaid contributions due the Pension Fund, according to proof, for contributions owed on behalf of covered employees during the period March 1, 2013 through the present, under ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), and the Bargaining Agreements;

(b) Any unpaid contributions due the Welfare Fund, according to proof, for contributions owed on behalf of covered employees during the period March 1, 2013 through the present, under ERISA § 502(g)(2)(A) (29 U.S.C. § 1132(g)(2)(A)), and the Bargaining Agreements;

(c) Interest on any unpaid Pension contributions found to be due during the period March 1, 2013 through the present, at the rates set in accordance with the Bargaining Agreements,

the governing documents of the Pension Fund, and ERISA § 502(g)(2)(B) (29 U.S.C. § 1132(g)(2)(B));

   (d) Interest on any unpaid Welfare contributions found to be due during the period March 1, 2013 through the present, at the rates set in accordance with the Bargaining Agreements, the governing documents of the Welfare Fund, and ERISA § 502(g)(2)(B) (29 U.S.C. § 1132(g)(2)(B));

   (e) Under ERISA § 502(g)(2)(C) (29 U.S.C. § 1132(g)(2)(C)), an award of liquidated damages in an amount equal to the greater of:

     (i)  Interest on the unpaid contributions, or

     (ii) Liquidated damages at 20% of the unpaid contributions found due for the period December 1, 2013 through the present, as provided for under the Bargaining Agreements and the governing documents of the Plans.

   (f) Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D) (29 U.S.C. § 1132(g)(2)(D)); reasonable attorneys' fees and costs in accordance with the Trust Agreements and in accordance with LMRA Section 301, 29 U.S.C. § 185, for all Plaintiffs;

  2. For an order directed to Pleasanton Auto Mall, pursuant to the Court's equitable power under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), requiring Pleasanton Auto Mall to perform all obligations required on its part to be performed under its Bargaining Agreements, and the Trust Agreements, including but not limited to

   (a) Requiring Pleasanton Auto Mall to allow the Funds' representative access to those business records of Pleasanton Auto Mall that the Funds' representative identifies as necessary to conduct an audit for the period March 1, 2016 to the present;

   (b) Requiring Pleasanton Auto Mall to pay all contributions, interest, liquidated damages, costs, attorneys' fees and accountants' fees determined to be due the Funds.

  3. That the Court retain jurisdiction of this case pending compliance with its orders; and

4. For such other and further relief as the Court may deem just and proper.

Dated: January 7, 2021                    SALTZMAN & JOHNSON LAW CORPORATION

By: _____/S/_____
    Tino X. Do
    Attorneys for Plaintiffs