| | |
|---|---|
| 1 | ROBERT G. HULTENG, Bar No. 071293 |
| | LAURA TOVAR, Bar No. 335014 |
| 2 | rhulteng@littler.com |
| | ltovar@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
| | 333 Bush Street |
| 4 | 34th Floor |
| | San Francisco, California 94104 |
| 5 | Telephone: 415.433.1940 |
| | Facsimile: 415.399.8490 |

Attorneys for Defendants
PLEASANTON AUTOMOTIVE COMPANY, dba
PLEASANTONAUTO MALL dba ACURA OF
PLEASANTON; LOP AUTOMOTIVE COMPANY
LIMITED PARTNERSHIP f/k/a LOP AUTOMOTIVE
COMPANY LLC dba LEXUS OF PLEASANTON;
ROSEWOOD III AUTOMOTIVE COMPANY, dba
INFINITI OF PLEASANTON; HENDRICK
AUTOMOTIVE GROUP; HPG AUTO INVESTORS
LIMITED PARTNERSHIP; HENDRICK
MANAGEMENT COMPANY LIMITED
PARTNERSHIP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND; AUTOMOTIVE INDUSTRIES WELFARE TRUST FUND; JAMES H. BEMNO, Trustee; DON CROSATOO, Trustee; JOHN DI BERNARDO, Trustee; RYAN THIBODEAU, Trustee; and RICH MORALES, Trustee, Plaintiffs, v. PLEASANTON AUTOMOTIVE COMPANY, a general partnership, dba PLEASANTONAUTO MALL and dba ACURA OF PLEASANTON; LOP AUTOMOTIVE COMPANY LIMITED PARTNERSHIP f/k/a LOP AUTOMOTIVE COMPANY LLC dba LEXUS OF PLEASANTON; ROSEWOOD III AUTOMOTIVE COMPANY, a general partnership, dba INFINITI OF PLEASANTON; HENDRICK AUTOMOTIVE GROUP, a North Carolina general partnership; HPG AUTO INVESTORS LIMITED PARTNERSHIP; HENDRICK MANAGEMENT COMPANY LIMITED PARTNERSHIP, Defendants. | Case No. 3:21-cv-00130 JSC  **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**  Complaint Filed: January 7, 2021 Hon. Magistrate Judge Jacqueline S. Corley |

COMES NOW Defendants PLEASANTON AUTOMOTIVE COMPANY, a general partnership, dba PLEASANTONAUTO MALL and dba ACURA OF PLEASANTON; LOP AUTOMOTIVE COMPANY LIMITED PARTNERSHIP f/k/a LOP AUTOMOTIVE COMPANY LLC dba LEXUS OF PLEASANTON; ROSEWOOD III AUTOMOTIVE COMPANY, a general partnership, dba INFINITI OF PLEASANTON; HENDRICK AUTOMOTIVE GROUP, a North Carolina general partnership; HPG AUTO INVESTORS LIMITED PARTNERSHIP; HENDRICK MANAGEMENT COMPANY LIMITED PARTNERSHIP (collectively "Defendants"), by and through their counsel of record herein, hereby Answer the unverified Complaint ("Complaint") of Plaintiffs AUTOMOTIVE INDUSTRIES PENSION TRUST FUND; AUTOMOTIVE INDUSTRIES WELFARE TRUST FUND; JAMES H. BEMNO, Trustee; DON CROSATOO, Trustee; JOHN DI BERNARDO, Trustee; RYAN THIBODEAU, Trustee; and RICH MORALES, Trustee (collectively "Plaintiffs") allegations as follows:

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore deny the allegations therein on that basis.

2. Defendants admit Pleasanton Automotive Company, d/b/a/ Pleasanton Auto Mall and d/b/a Acura of Pleasanton is a general partnership. Defendants admit LOP Automotive Company f/k/a LOP Automotive Company LP, d/b/a Lexus of Pleasanton is a limited partnership. Defendants admit Rosewood III Automotive Company, d/b/a/ Infiniti of Pleasanton is a general partnership. Defendants admit the aforementioned business entities are registered to do business in California. Defendants admit the aforementioned business entities' last known principal place of business is Pleasanton, California. Defendants admit the general and/or managing partner of the Pleasanton Automotive Company, LOP Automotive Company LP, and Rosewood III Automotive Company is Hendrick Automotive Group, a North California general partnership. Defendants admit Hendrick Automotive Group's general partners are HPOG Auto Investors Limited Partnership and Hendrick Management Company Limited Partnership.

3. Defendants admit Pleasanton Auto Mall is principally engaged in the business of operating car dealerships in the automotive industry. Defendants admit Pleasanton Auto Mall

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

employs machinists covered under the Bargaining Agreements and Trust Agreements. Defendants admit Pleasanton Auto Mall's business affects commerce within meaning of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

4. Defendants admit this Court properly has jurisdiction because Plaintiffs seek to enforce provisions of ERISA and seek relief under ERISA—a federal law.

5. Defendants admit this Court properly has jurisdiction by virtue of Section 301 of the LMRA because Plaintiffs seek to enforce the terms and conditions of a bargaining agreement.

6. Paragraph 6 alleges legal conclusions to which to response is required. To the extent a response is required, Defendants admit venue is proper in this Court because a substantial number of events in dispute occurred in this district.

7. Paragraph 7 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit Section 515 of ERISA, 29 U.S.C. § 1145 requires employers who are obligated to make contributions to a multiemployer plan to do so in accordance with the terms of the Bargaining Agreements.

8. Paragraph 8 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) provides as alleged.

9. Paragraph 9 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) authorizes a civil action by trustees as ERISA fiduciaries.

10. Paragraph 10 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit ERISA § 209, 29 U.S.C. § 1059 provides for recordkeeping and reporting requirements.

11. Paragraph 11 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit the Trustees have a right under ERISA to conduct an audit of a contributing employer's relevant books and records under the terms of the Trust Agreements.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT     3.     CASE NO. 3:21-CV-00130 JSC

1    12.     Defendants admit that at all times relevant to this action, Pleasanton Auto Mall was a party to and bound by the Bargaining agreements covering its employees. Defendants admit the Bargaining Agreements requires that Pleasanton Auto Mall contribute to the Funds at specified rates for each of its eligible employees covered under the Bargaining Agreements.

13.     Defendants admit Pleasanton Auto Mall, as an employer participating in the Funds, is bound by the Trust Agreements, the terms of the Funds' Plan Documents, and the rules, regulations, and policies adopted by the Trustees under the authority of the Trust Agreements.

14.     Paragraph 14 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit a contractual duty according to the terms of the Bargaining Agreements and a statutory duty to make timely payments in full to the Funds.

15.     Defendants admit that under the provisions of the Trust Agreements, the rules, regulations, and policies adopted by the Trustees adopted thereunder, Pleasanton Auto Mall was required to timely submit monthly remittance reports of all covered employees, along with contributions owed, to the Fund's principal place of business by the first day of each month following the month in which the covered work was performed.

16.     Defendants admit that under the Trust Agreements, and the rules, regulations, and policies adopted by the Trustees thereunder, Pension and Welfare contributions received by the Funds after the 20th day of the month following the month in which the covered work was performed are deemed delinquent.

17.     Defendants admit that at all time relevant to this action, in accordance with ERISA § 502(g)(2)(b), 28 U.S.C. 1132(g)(2)(B), the Pension and Welfare Agreements, and the rules, regulations, and policies adopted by the Trustees thereunder, delinquent contributions shall accrue interest at the rate of ten percent (10%) simple interest per annum from the first day of the month following the month in which the delinquent contributions were due through and including the date payment is made. Defendants deny that any contributions were delinquent.

18.     Paragraph 18 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit that at all times relevant to this action, in accordance with the Pension and Welfare Trust Agreements and the rules, regulations, and policies

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT           4.           CASE NO. 3:21-CV-00130 JSC

adopted by the Trustees thereunder, the employer is obligated to pay liquidated damages in the amount of five percent (5%) of the amount of delinquent contributions owed until the matter was referred to the Funds' counsel for collection, and twenty percent (20%) thereafter. Defendants deny that any contributions were delinquent.

19. Paragraph 19 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit that at all times relevant to this action, the Trust Agreements and the rules, regulations, and policies adopted by the Trustees thereunder, provided that after the filing of a lawsuit, liquidated damages shall be increased to the greater of (a) the interest of the delinquent contributions, or (b) twenty percent (20%) of the delinquent contributions. Defendants deny that any contributions were delinquent.

20. Paragraph 20 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit that at all times relevant to this action, the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder provided that in the event of a lawsuit, in addition to the contributions, interest and liquidated damages due to the Funds, the delinquent contributing employer shall pay to the Funds all reasonably attorneys' fees and costs incurred as a result of the litigation. Defendants deny that they were delinquent employers.

21. Paragraph 21 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit/deny that at all times relevant to this action, the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, authorized the Funds to examine and copy such records of Pleasanton Auto Mall as may be necessary to determine whether Pleasanton Auto Mall has made full and prompt payment of all sums due to the Funds.

22. Defendants deny the allegations as stated in Paragraph 22 of the Complaint.

23. Defendants deny the allegations as stated in Paragraph 23 of the Complaint.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT    5.    CASE NO. 3:21-CV-00130 JSC

## RESPONSE TO FIRST CAUSE OF ACTION

**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Pleasanton Auto Mall**

24. In response to Paragraph 27, Defendants replead and incorporate by reference, as if fully set forth again herein, the responses contained in Paragraphs 1-23 of this Answer as set forth above.

25. Defendants admit Pleasanton Auto Mall is a party to the Bargaining Agreements and agreed to be bound by the Terms of the Trust Agreements, the rules, regulations, and policies adopted by the Trustees thereunder, and Plan documents.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION

**Injunctive Relief Under ERISA §§ 502(a)(3) and 502(g)(2)(E)**

28. In response to Paragraph 28, Defendants replead and incorporate by reference, as if fully set forth again herein, the responses contained in Paragraphs 1-27 of this Answer as set forth above.

29. Defendants deny the allegations as stated in Paragraph 29 of the Complaint.

30. Defendants deny the allegations as stated in Paragraph 30 of the Complaint.

31. Defendants deny the allegations as stated in Paragraph 31 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

1. Defendants deny the allegations contained in Paragraphs 1, 1(a), 1(b), 1(c), 1(d), 1(e), 1(e)(i), 1(e)(ii), and 1(f) of the Prayer, and deny that Plaintiffs are entitled to the relief requested therein.

2. Defendants deny the allegations contained in 2, 2(a), and 2(b) of the Prayer, and deny that Plaintiffs are entitled to the relief requested therein.

3. Defendants deny the allegations that Plaintiffs are entitled to the relief requested in paragraph 3 of the Prayer.

4. Defendants deny the allegations that Plaintiffs are entitled to the relief requested in paragraph 4 of the Prayer.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Defendants bear any burden of proof as to any of them, Defendants assert the following additional defenses. Defendants intend to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserve the right to amend this Answer to assert all such further defenses.

## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege they timely made all required payments to the Pension Trust Fund pursuant to Defendant's obligations as set forth in the collective bargaining agreement between Defendants and the Union.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiffs, by their own acts or omissions, have waived any purported claims for relief contained in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege Plaintiffs are not entitled to injunctive relief because they have an adequate remedy at law.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that they provided conclusive evidence to Plaintiffs that no contributions are due prior to the date on which this Answer was filed. Plaintiffs nonetheless are determined to pursue the litigation without a good faith basis for believing that any relief is warranted, thus entitling Defendants to their attorneys' fees and costs pursuant to 29 U.S.C. §§ 1451(e) and 1132(g).

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint;

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT    7.    CASE NO. 3:21-CV-00130 JSC

2. That judgment be entered on the Complaint in favor of Defendants and against Plaintiffs on all causes of action, and that the Complaint be dismissed with prejudice;

3. That Defendants be awarded its attorneys' fees and costs of suit incurred herein; and

4. For such other and farther relief as the Court may deem just and proper.

Dated: April 21, 2021

*/s/ Robert G. Hulteng*
ROBERT G. HULTENG
LAURA TOVAR
LITTLER MENDELSON, P.C.

Attorneys for Defendants
PLEASANTON AUTOMOTIVE COMPANY, dba PLEASANTON AUTO MALL dba ACURA OF PLEASANTON; LOP AUTOMOTIVE COMPANY LIMITED PARTNERSHIP f/k/a LOP AUTOMOTIVE COMPANY LLC dba LEXUS OF PLEASANTON; ROSEWOOD III AUTOMOTIVE COMPANY, dba INFINITI OF PLEASANTON; HENDRICK AUTOMOTIVE GROUP, HPG AUTO INVESTORS LIMITED PARTNERSHIP; HENDRICK MANAGEMENT COMPANY LIMITED PARTNERSHIP

4832-7200-2785.1 / 059940-1021

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT 8. CASE NO. 3:21-CV-00130 JSC