Anne M. Bevington, Esq. (SBN 111320)
Tino X. Do, Esq.(SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
(510) 906-4710
Email: abevington@sjlawcorp.com
Email: tdo@sjlawcorp.com

Attorneys for Plaintiffs

Robert G. Hulteng, Bar No. 071293
Laura Tovar, Bar No. 335014
rhultend@littler.com
ltovar@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
San Francisco, CA 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PLEASANTON AUTOMOTIVE COMPANY, et al.,<br><br>　　　　Defendants. | Case No.: 3:21-cv-00130-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　　　May 20, 2021<br>Time:　　　　1:30 p.m.<br>Courtroom:　　E, 15th Floor<br>　　　　　　　450 Golden Gate Avenue<br>　　　　　　　San Francisco, CA 94102<br>Judge:　　　Hon. Jacqueline S. Corley<br><br>Complaint Filed:　January 7, 2021 |

Plaintiffs Automotive Industries Pension Trust Fund et al. ("Plaintiffs" or "Trust Funds") and Defendants Pleasanton Automotive Company dba Pleasanton Auto Mall and dba Acura of Pleasanton, LOP Automotive Company Limited Partnership f/k/a/ LOP Automotive Company LLC, dba Lexus of Pleasanton, Rosewood III Automotive Company, dba Infiniti of Pleasanton, Hendrick Automotive

1

Group, HPG Auto Investors Limited Partnership and Hendrick Management Company Limited Partnership (collectively, "Defendants" or "Pleasanton Auto Mall"), by and through their respective counsel of record, hereby submit their Joint Case Management Conference Statement pursuant to this Court's April 1, 2021 Order (Dkt. No. 16) as well as the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

*1.* ***Jurisdiction & Service***: Plaintiffs contend that jurisdiction exists in this Court over the claims asserted by Plaintiffs Automotive Industries Pension Trust Fund et al. by virtue of ERISA § 502, 29 U.S.C. § 1132. Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the alleged acts and practices which allegedly violate ERISA, seek equitable relief to redress such alleged violations, and seek all other appropriate relief under ERISA. Plaintiffs further contend that jurisdiction also exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of an alleged collective bargaining agreement. In addition, to the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Plaintiffs contend that venue exists in this Court by ERISA § 502 (29 U.S.C. § 1132) because the Trust Funds are administered within this district and the alleged breach took place in this district.

No parties remain to be served. Defendants were served pursuant to Waivers of the Service of Summons executed on January 21, 2021 and filed on January 22, 2021. [Dkt. No. 8]. Defendants filed an Answer in the case on February 21, 2021. [Dkt. No. 17].

***2. Facts***: This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") out of an alleged breach of a collective bargaining agreement.

**Plaintiffs' Contentions:** Plaintiffs contend that Pleasanton Auto Mall was a party to and bound by Bargaining Agreements covering its employees ("Bargaining Agreements"). The Bargaining Agreements require that Defendants contribute to the Funds at specified rates for each of its eligible employees covered under the Bargaining Agreements. As an employer participating in the Trust Funds, Defendants are bound by the Trust Agreements and establishing the Trust Funds, the terms of the Trust

2
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 3:21-cv-00130-JSC                    P:\CLIENTS\AUTCL\CASES\PLEASANTON AUTO MALL\Pleadings\Drafts\Waivers of Service Executed_Pleasanton Auto Mall et al.docx

Funds' Plan Documents, and the rules, regulations and policies adopted by the Trustees under the authority of the Trust Agreements. Defendants had both a contractual duty under the Bargaining Agreements and a statutory duty under ERISA Section 515 (29 U.S.C. § 1145) to timely make payment in full of the required contributions due the Trust Funds according to its terms or the terms of the Bargaining Agreement.

Under the Trust Agreements, the rules, regulations and policies adopted by the Trustees thereunder, and the Bargaining Agreements, Pension, Welfare and Apprenticeship Training contributions received by the Funds after the 20th day of the month following the month in which the covered work was performed are deemed delinquent. If contributions are delinquent, the Bargaining Agreements and Trust Agreements mandate that Defendants pay interest and liquidated damages on the delinquent contributions.

Pursuant to the terms of the Bargaining Agreement, as well as the Trust Agreements, prior to litigation liquidated damages are calculated at five percent (5%) of the delinquent contributions. However, once a lawsuit has been filed, the Bargaining and Trust Agreements provide that liquidated damages are calculated at twenty percent (20%).The Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, further provide that after the filing of a lawsuit, liquidated damages shall be increased to the greater of (a) the interest on the delinquent contributions, or (b) twenty percent (20%) of the delinquent contributions. Pursuant to the Bargaining Agreement and Trust Agreements, interest accrues on the delinquent unpaid contributions at ten percent (10%) per annum calculated from the day contributions are considered delinquent until paid.

The Bargaining and Trust Agreements also provide for reimbursement of attorneys' fees and costs, audit fees, and all other expenses incurred in connection with the collection of delinquent contributions. The Bargaining and Trust Agreements also specifically provide for an audit of the books and records of signatory employers so that the Trust Funds may determine if the employer is making full and prompt payment of required contributions.

The Bargaining and Trust Agreements further requires Defendants to maintain time records or time cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by it to Plaintiffs.

3
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 3:21-cv-00130-JSC    P:\CLIENTS\AUTCL\CASES\PLEASANTON AUTO MALL\Pleadings\Drafts\Waivers of Service Executed_Pleasanton Auto Mall et al.docx

Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants are required reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Plaintiffs contend that Defendants have failed to make payment in a timely manner and failed to make full payment of contributions due the Funds as found due by audit for the period March 1, 2013 through February 29, 2016, and for the months of November 2017, December 2017, March 2018 and April 2018, resulting in Pleasanton Auto Mall's owing delinquent contributions to the Funds, plus interest at 10% per annum on the late paid and unpaid contributions, and liquidated damages assessed at 20% of the unpaid contributions, or interest, whichever is greater. Plaintiffs contend that Defendants have failed and refused to comply with a further audit of its payroll records for the period March 1, 2016 through the present. Plaintiffs contend that they are entitled to recover any and all contributions found due on the audit upon its completion as well as all liquidated damages and interest on delinquent contributions. Plaintiffs also contend that they are entitled to recover all audit fees as well as attorneys' fees and costs.

**Defendants' Contentions**:

Pleasanton Automotive Company ("Pleasanton") was a party to a series of collective bargaining agreements, the most recent of which was negotiated in late 2012 and became effective in early 2013. The agreement has not been renegotiated since then but has been extended by mutual agreements of the parties and remains in effect today. Shortly before the new agreement was ratified and took effect, new language was added into the agreement, which froze any increases in contributions. This language provided "Effective December 12, 2012, Bargaining Unit Employees will be frozen at their current monthly pension plan level regardless of advancement in pay level."

In 2017, an audit was conducted by Plaintiffs because contributions were allegedly owed. Until this lawsuit was filed, Defendants believed the issues raised by the audit had been resolved. Following the filing of the lawsuit, Defendants met and conferred with Plaintiffs to determine the basis for the audit determinations. Defendants then investigated the underlying facts and discovered additional evidence that admittedly was not provided to the auditors. This evidence conclusively demonstrated that the

conclusions reached by the auditors were erroneous, and that no contributions are owed by Defendants. Defendants have asked Plaintiffs to dismiss this lawsuit based on evidence now available to them.

**3.** *Legal Issues:*

**Plaintiffs' Contentions:** Pursuant to the Bargaining Agreements and the incorporated Trust Agreements, Defendants are obligated to pay contributions, liquidated damages and interest due the Funds as found due by audit for the period March 1, 2013 through February 29, 2016, and for the months of November 2017, December 2017, March 2018 and April 2018. Defendants are also obligated to make payment for any amounts found due by the audit of its payroll records for the period of March 1, 2016 through the present, which is now in progress.

The Bargaining Agreements and the incorporated Trust Agreements require Defendants to report and pay contributions, the amounts of which are determined by the number of Defendants' covered employees, as well as liquidated damages and interest on late-paid contributions, plus attorneys' fees, and costs.

**Defendants' Contentions:** The auditors based their conclusions on speculation and not on documentary evidence. The auditors also ignored the controlling contract language. Defendants have now provided Plaintiffs the documentary evidence which proves that the auditors' speculation was unfounded.

**4.** *Motions:*

**Plaintiffs' Motions:** Plaintiffs may file a motion for partial summary judgment, if necessary, for an order requiring Defendant to provide all of the information and documents required by the Trust Funds' independent auditor to complete the audit for the period March 1, 2016 to the present. Plaintiffs also anticipate filing a Motion for Summary Judgment if the parties are unable to resolve their disputes.

**Defendants' Motions:** Defendants believe they have provided Plaintiffs with enough evidence to demonstrate they have properly paid pension contributions, and no pension contributions are owed. If Plaintiffs do not dismiss this action, Defendants anticipate filing a summary judgment motion if the Parties are unable to resolve their disputes.

**5.** *Amendment of Pleadings***:**

**Plaintiffs' Contentions:** Plaintiffs do not anticipate amending the pleadings at this time.

**Defendants' Contentions:** Defendants currently do not anticipate amending their pleadings.

6. ***Evidence Preservation***: The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

7. ***Disclosures***: The Parties agree to serve their initial disclosures by May 20, 2021.

8. ***Discovery***:

**Plaintiffs' Contentions:** Plaintiffs may conduct limited written discovery as needed.

**Defendants' Contentions:** The Parties have not conducted discovery to date. The Parties will enter into a stipulated e-discovery order if necessary and will meet and confer in good faith to address discovery issues moving forward. Presently, there are no identified discovery disputes.

9. ***Class Actions***: Not applicable.

10. ***Related Cases***: Not applicable.

11. ***Relief***:

**Plaintiffs' Contentions:**

1. For a judgment against Defendant as follows:

    (a) Any unpaid contributions, due at time of Judgment as well as any other contributions determined as due by audit, timecards, or otherwise pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) to Plaintiffs in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), the Bargaining Agreement, and the Trust Agreements;

    (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

    (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

    (d) Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement and Trust Agreements for all Bargained Plans; and with

LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

    (e)    For an order,

        i. requiring that Defendant comply with their obligations to Plaintiffs under the terms of the Bargaining Agreement and Trust Agreements, including permitting an audit of their records as requested by Plaintiffs;

        ii. enjoining Defendant from violating the terms of those documents and of ERISA; and;

        iii. enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant' business until said terms have been complied with.

    (f)    That the Court retain jurisdiction of this case pending compliance with its orders.

2.    For such other and further relief as the Court may deem just and proper.

**Defendants' Contentions:** Defendants deny Plaintiffs are entitled to any relief whatsoever. Defendants reserve the right to seek fees and costs, if Plaintiff insist on continuing this litigation in light of the evidence they now possess.

**12.**    *Settlement and ADR*:

**Plaintiffs' Contentions:** Plaintiffs are agreeable to attending a settlement conference with a Magistrate Judge, or to mediation through the Court's ADR program.

**Defendant' Contentions:** The Parties have engaged in settlement discussions and these discussions are continuing. Rather than stipulate to a particular ADR process at this time, Defendants prefer to discuss ADR selection with the Judge at the Case Management Conference.

**13.**    *Consent to Magistrate Judge for All Purposes*: Plaintiffs and Defendants consented to proceed before a Magistrate Judge on January 8, 2021 and March 22, 2021 respectively. [Dkt. Nos. 5, 13].

**14.**    *Other References*: Not applicable.

**15.**    *Narrowing of Issues*: At this time, it does not appear that any other issues can be narrowed by agreement and or motion.

**16.**    *Expedited Trial Procedure*: This matter is not ripe for expedited trial procedure.

**17.** *Scheduling*: The parties propose the following schedule:

| | |
|---|---|
| ADR Completion Deadline: | September 17, 2021 |
| Completion of Fact Discovery: | November 19, 2021 |
| Expert disclosure/reports: | November 19, 2021 |
| Rebuttal expert disclosure: | December 17, 2021 |
| Completion of Expert Discovery: | December 17, 2021 |
| Deadline to file dispositive motions: | February 18, 2022 |
| Hearing on dispositive motions (Thur): | April 7, 2022 |
| Pretrial Conference (Thur): | June 16, 2022 |
| Trial date: | August 2022 |

**18.** *Trial*: The Parties request a bench trial and estimate that trial would last two (2) days.

**19.** ***Disclosure of Non-Party Interested Entities or Persons***: Plaintiffs filed their Certification of Interested Entities or Persons on January 7, 2021. [Dkt. No. 3].

**20.** *Professional Conduct***:** All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** *Other*: None at this time.

DATED: May 13, 2021
SALTZMAN & JOHNSON
LAW CORPORATION

By: _____/S/_____
Tino X. Do
Attorneys for Plaintiffs

DATED: May 13, 2021
LITTLER MENDELSON, P.C.

By: _____/S/_____
Robert G. Hulteng
Laura Tovar
Attorney for Defendants

## CERTIFICATION RE: SIGNATURES

I attest that concurrence in the filing has been obtained from the other Signatory.

DATED: May 13, 2021

By: _____/S/_____
        Tino X. Do